IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           No. 23-mr-00969 SCY

ANGEL LARA,

    Defendant.

## ORDER AND NOTICE OF HEARING

The United States has submitted a criminal complaint and request for Defendant's arrest. This submission seeks to reinstitute the same charges contained in the indictment United States District Judge Matthew Garcia recently dismissed without prejudice. Docs. 18, 42, *United States v. Lara*, Cr. No. 21-1930. Defendant is currently incompetent to stand trial and Judge Garcia found that Defendant's continued custody pending admittance into a Bureau of Prison hospital where he can receive mental health treatment violates his constitutional due process rights. The undersigned sets a hearing on the criminal complaint to determine whether Judge Garcia's order dismissing the indictment without prejudice precludes (1) the immediate reinstitution of the same charges by criminal complaint; and (2) an extension of Defendant's time in custody pending hospitalization and treatment as described in 18 U.S.C. § 4241(d).

Judge Garcia's orders in *United States v. Lara*, Cr. No. 21-1930, summarize the relevant procedural background. Defendant was arrested on November 30, 2021, and charged on December 21, 2021, for attempted bank robbery in violation of 18 U.S.C. § 2113(a). *See* Doc. 39 at 2, Cr. No. 21-1930. The Court entered a stipulated order finding Defendant incompetent on August 18, 2022 and placed him in the custody of the Attorney General, ordering him hospitalized for treatment to determine whether he can be restored to competency under 18

U.S.C. § 4241(d). *Id.* at 3. On April 28, 2023, Judge Garcia entered an order finding that Defendant still had not been hospitalized for treatment, and that this eight-month period of delay violated his right to be free of indefinite confinement on the basis of mental incompetency. *Id.* at 6-10. Judge Garcia gave the United States seven days (until May 5) to hospitalize Defendant or Judge Garcia would dismiss the indictment. *Id.* at 12-13.

On May 4, the United States moved for reconsideration, stating that the Bureau of Prisons could not meet the May 5 deadline but that Defendant was likely to be admitted on May 9. Doc. 40, Cr. No. 21-1930. The United States therefore requested an extension through May 9. *Id.* Judge Garcia, on May 5, denied this motion for reconsideration. Doc. 42, Cr. No. 21-1930. Judge Garcia stated he appreciated BOP's position. *Id.* at 3. Nonetheless, he wrote:

> the lack of blame does not change the fact that Lara has been mentally unwell, incarcerated, and awaiting treatment for eight and a half months. Lara has not been convicted of any crime, and indeed *cannot* be convicted of any crime at present because he remains incompetent to stand trial. Furthermore, the question of extending the Court's deadline is not a mere dispute over a few days; there is no guarantee that Lara will be admitted on May 9. If another defendant experiences the severe medical or psychological compensation Dr. Boutwell describes, for example, Lara may be forced to wait once again. Ultimately, the logistical complications of managing so many patients with such limited bed space and staffing mean that at this stage, no promised date can be relied upon. Meanwhile, Lara's constitutional injury persists.

*Id.* Because the United States failed to comply with Judge Garcia's May 5 deadline, Judge Garcia dismissed the indictment "without prejudice" and ordered that "Lara must be released from the custody of the U.S. Marshals Service." *Id.* at 4.

Later that same day (May 5), the United States filed another motion for reconsideration or stay, stating that Defendant was in Atlanta and on track to be admitted for hospitalization by May 9. Doc. 43, Cr. No. 21-1930. The United States expressed concerns that Defendant would lose his place in line if Judge Garcia did not stay the order for his release, and also indicated it was considering appealing. *Id.* at 2. The morning of May 8, the United States submitted a

criminal complaint and arrest warrant request for review by the undersigned magistrate judge. Shortly thereafter, Judge Garcia denied the second motion for reconsideration, finding that the United States had presented no grounds justifying reconsideration of the order dismissing the indictment and ordering Defendant released. Doc. 47, Cr. No. 21-1930.

The Court hereby sets this matter for hearing in the Rio Grande courtroom on May 9, 2023 at 1:30pm.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE